IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
FLORIDA
TAMPA DIVISION

FILED

RICHARD J.,
Plaintiff,

v.

LAKELAND REGIONAL MEDICAL CENTER, INC.,
Defendant.

§
§
§
§

99 NOV 26 PM 1:25

Civil Action No.
JURY DISTRICT OF FLORIDA
TAMPA, FLORIDA

99-2691-CIV-T-25F

## A. Parties

1.   Plaintiff, RICHARD JORDAN, MD ("Jordan"), is a resident of Harris County, Houston, TX, is a physician licensed to practice medicine in the states of Florida & Texas, and is board-certified in the surgical subspecialty of anesthesiology.

2.   Defendant, LAKELAND REGIONAL MEDICAL CENTER, INC., ("LRMC")is a not-for-profit Florida corporation that is incorporated under the laws of the State of Florida.  Defendant has & maintains its principal place of business & headquarters employing over 3000 hospital employees in Polk County, Florida. Defendant may be served with process by serving its President/Chief Executive Officer ("CEO"), the registered agent, or Vice-President/Chief Medical Officer ("CMO") or other Vice-President, Secretary, Treasurer, at 1324 Lakeland Hills Boulevard, Lakeland, Florida 33805-4543.  LRMC is an employer in an industry affecting commerce within the meaning of Title VII & ADA.

## B. Jurisdiction & Venue

3.   This court has jurisdiction over the lawsuit pursuant to 28 U.S.C. 1331 because this civil action is from the laws of the United States.  The court has jurisdiction because of Title VII of Civil Rights Act of 1964, as amended by Civil Rights Act of 1991 ("Title VII") Title 42 U.S.C. Sec. 2000e *et seq.* & The Americans With Disabilities Act ("ADA") (1990) 42 U.S.C. Sec. 12101 *et seq*.  These acts mandate comprehensive elimination of employer discrimination against employees who are "discrete insular minorities," by invoking congressional authority & power to regulate commerce.

4.   As defined within VII & ADA, Plaintiff was an individual employee subjected to discrimination by LRMC's medical staff leadership and administration.

5.   Title VII & ADA prohibit employers from discriminating against employees on the basis of religion or perceived disabilities related to good faith legal or religious convictions or beliefs.  The federal courts, *inter alia,* are mandated by

Congress to resolve & rectify state or local acts of discrimination.

6. The unlawful employment practices alleged below were & are being committed within the Tampa Division of the Middle District of the State of Florida, 28 U.S.C. Sec. 1391.

### C. Exhaustion of Administrative Procedures

7. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against LRMC. Plaintiff received a notice of right to sue from the EEOC within 90 days of the filing of this complaint. A copy of the notice of right to sue pursuant to 42 U.S.C. 2000e-5(f)(1) is attached as Exhibit A.

### Count I--Discrimination under Title VII

8. Plaintiff is an employee within the meaning of Title VII & belongs to a class protected under the Act, namely religion.

9. LRMC is an employer within the meaning of Title VII.

10. Under legal duress, in conformity with his personal religious convictions & beliefs, Plaintiff privately shared, with trusted colleagues, his intent to defend his public & personal legal concerns before the Florida Fifth District Court of Appeal scheduled on September 24, 1998.

11. *Inter alai*, the initial act of discrimination by LRMC medical staff & administration occurred when they mischaracterized & misconstrued Plaintiff's privately expressed religious & legal convictions & beliefs as being "bizarre" and indicative of mental illness.

12. LRMC & staff sought to prevent Plaintiff's court testimony & disqualify him as a physician. LRMC pursued Plaintiff under the Florida's Baker Act until he was eventually falsely arrested within his home & falsely imprisoned within LRMC.

13. While mischaracterizing & publishing Plaintiff's religious & legal beliefs as "bizarre" & indicative of mental disease, Defendant unjustly accused Plaintiff of posing an "imminent threat to patient at LRMC." These self-serving pretextual allegations were made to invoke the legal immunity provided by the Florida peer review statutes & Health & Human Service's ("HHS") National Practitioner Data Bank ("NPDB") mandates. Cloaked within these regulatory, oversight, legislative mandates, these improper accusations were asserted to intimidate & coerce Plaintiff with the appearance of legal governmental authority sanctioning their acts of discrimination.

14. LRMC & their medical staff leadership simultaneously embellished & speculated about the meaning of Plaintiff's private religious comments & beliefs in the context of his exigent legal concerns.

15. LRMC discriminated & mischaracterized Plaintiff's religious & legal beliefs by falsely imprisoning him in a false light as if he was a dangerous involuntary mentally ill patient unworthy of liberty or hospital staff privileges.

16. LRMC violated Title VII by intentionally discriminating against Plaintiff when they summarily suspended his privileges, without notice on September 14, 1998. In December 1998 Defendant ignored Plaintiff's proposed reasonable alternative employment offer to accommodate & reconcile any legitimate ostensible concerns.

17 LRMC rejected Plaintiff's conciliatory overtures with unreasonable, lopsided quid pro quo indefinite punitive sanctions, recommendations, & harassment which would legally allow & promote further isolation, stigmatization, & perpetuate their hostile discriminatory conduct with impunity.

18. Without any evidence to support their initial allegation of "imminent threat to a patient," LRMC published their involuntary diagnosis of mental illness & false imprisonment as a pretext to perpetuate their discriminatory conduct, recommendations, & arbitrary sanctions with the federal HHS's NPDB.

19. Precluding his practice of medicine, LRMC unduly permanently revoked Plaintiff's hospital privileges on June 4, 1999.

## Count I--Damages

20. Plaintiff suffered the following injuries as a direct & proximate result of Defendant's conduct.

21. Plaintiff was denied his hospital privileges, resulting in lost pay & benefits.

22. Plaintiff's privileges were permanently terminated, resulting in lost pay & benefits.

23. Plaintiff was discharged or constructively discharged from employment from LRMC. Although Plaintiff has diligently sought other employment, he has, thus far, been unable to find employment. In addition, Plaintiff has incurred expenses in seeking other employment.

24. Plaintiff suffered damage to his pension retirement plan.

25. Plaintiff lo__ his professional source o_ income and benefits for his family & himself.

26. Plaintiff's personal & professional credibility & reputation was irreparably harmed, resulting in loss of all professional income & benefits.

27. Plaintiff suffered emotional distress in the form of civil & physical fear, frustration, sorrow, embarrassment, indignity, & grief from Defendant's conduct.

28. Plaintiff suffers mental anguish in the form of a sense of anxiety & insecurity from the loss of property, professional fulfillment & joy , self-esteem, personal creditability, & professional reputation.

29. Plaintiff suffered depression, sadness, and a sense of frustration, misery, isolation, & grief.

### Count I--Attorney Fees

30. Plaintiff is entitled to an award of attorney fees (if available) & costs under 42 U.S.C. 2000e-5(k).

### Count I--Prayer

31. For these reasons, Plaintiff asks for judgment against Defendant for

    1. back pay;
    2. reinstatement; (and therefore front pay,)
    3. compensatory damages;
    4. exemplary damages for emotional distress;
    5. expungement of derogatory published information;
    6. prejudgment & postjudgment interest on back pay; and
    all other relief the court deems appropriate.

32. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution & demands a trial by jury on all issues & counts, in accordance with F.R.C.P. 38

### D. Count II--Disparate Treatment

33. Plaintiff reasserts paragraphs 1 through 19 as if fully set forth herein.

34. If a trier of fact deems Defendant's aforementioned conduct & offensive actions facially neutral then Plaintiff's discharge is unlawful in view of the disparate treatment towards Plaintiff.

35. To the best Plaintiff's knowledge, he is the only anesthesiologist or staff physician demoted & subjected to indefinite subjective psychiatric exams, at his personal time & expense, as a qualifying requisite to acquiring arbitrary & indefinite probationary hospital staff privileges.

36. But for the discriminatory conduct towards Plaintiff's religious beliefs & convictions within the context of his exigent legal concerns, Defendant would not have subjected Plaintiff to these strong-arm punitive, indefinite, arbitrary, & subjective psychiatric examinations

37. Plaintiff:
    1. is a member of a legally protected class, religion;

    2. is qualified to practice anesthesiology;

    3. was satisfying the normal requirements of the practice of anesthesiology;

    4. was the object of adverse action, & in some courts;

    5. was replaced by a nonminority member.

   WHEREFORE, no legitimate reason for treating Plaintiff differently exists, he demands judgment against LRMC Inc. and reasserts paragraphs 20 through 31 for damages, attorney's fees, & prayer as if fully set forth herein.

38. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution & demands a trial by jury on all issues & counts, in accordance with F.R.C.P. 38.

### E. Disparate Impact

39. Plaintiff reasserts paragraphs 1 through 19 as if fully set forth herein.

40. If a trier of fact deems Defendant's aforementioned conduct & offensive actions facially neutral then Plaintiff's punitive sanctions & discharge is unlawful in view of the disparate impact upon Plaintiff because of his religious convictions.

41. The elements of disparate impact show:

    1. Defendant's mischaracterization & false light of Plaintiff's privately expressed religious convictions & beliefs as a

dangerous byproduct of mental illness is challenged within this action;

2. Only Plaintiff's privileges to practice anesthesiology were summarily suspended & revoked as a result of LRMC Inc.'s adverse employment psychiatric interpretations, procedures, & practice;

3. The parties peaceably coexisted prior to LRMC's discriminatory offensive employment conduct, adverse psychiatric interpretations, retaliatory threats, suspension & discharge.

WHEREFORE, no legitimate reason for punitively sanctioning & discharging Plaintiff exists, he demands judgment against LRMC Inc. and reasserts paragraphs 20 through 31 for damages, attorney's fees, & prayer as if fully set forth herein.

42. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution & demands a trial by jury on all issues & counts, in accordance with F.R.C.P. 38.

### F. Count IV--Americans With Disabilities Act

43. Plaintiff reasserts paragraphs 1 through 19 as if fully set forth herein.

44. Plaintiff is disabled, as defined by the ADA, because of Defendant's involuntary diagnosis & publication of a "mental disorder" which disqualifies Plaintiff from practicing anesthesiology. Plaintiff is otherwise qualified to perform the essential functions of anesthesiology and over nine years of service within LRMC attests to this fact.

45. Plaintiff is an employee within the meaning of the ADA Defendant's discriminatory acts include:

1. intimidation, coercion, interference, & retaliation within the meaning of ADA;

2. subjecting Plaintiff to other arrangements in order to deny Plaintiff's opportunities to participate in or benefit from the facilities, privileges, advantages, or accommodations of LRMC;

3. failing to afford Plaintiff through other arrangements the opportunity to participate in or benefit from LRMC's privileges, advantages, or accommodations, equal to that afforded to other physicians;

4. failing to provide Plaintiff with privileges, advantages, accommodations, or other opportunities that is as effective as that provided to other physicians;

5. failed to provide facilities, privileges, advantages, & accommodations to Plaintiff in an appropriate integrated setting;

6. failed to provide an opportunity to participate in the actual same privileges, advantages, opportunities, regardless of an equivalent accommodation as defined within the ADA;

7. labeling & physically segregating Plaintiff in a way that adversely affected opportunities or status of Plaintiff because of the perceived disability;

8. imposing & recommending punitive professional sanctions because of the involuntary disability which subjected Plaintiff to offensive discrimination prohibited by ADA;

9. utilizing methods of administration that have the effect of discrimination on the basis of disability or that perpetuate the discrimination of others who are subject to common administrative control;

10. excluding or denying equal jobs or benefits to Plaintiff because of the perceived disability with whom the Plaintiff is known to have a relationship or association;

11. imposing or using psychiatric qualification standards or other selection criteria that screened out or tended to screen out Plaintiff, or other selection criteria, that has not been shown to be job-related for anesthesiology privileges unless the criteria is shown to be necessary for the provision of the services, facilities, privileges, advantages, or accommodations offered;

12. failing to select and administer tests concerning employment privileges in the most effective manner to ensure that, when such test was administered to Plaintiff who involuntarily has a disability that impairs his sensory, manual, or speaking skills, such test results accurately reflect the skills, aptitude, or whatever other factor of Plaintiff that such test purported to measure, rather than reflecting the

involuntary impaired sensory, manual, or speaking skills of Plaintiff;

13. failing to make reasonable modifications in policies, practices, or procedures when such modifications are deemed necessary to afford services, facilities, privileges, advantages, to accommodate Plaintiff by demonstrating that such modifications would not fundamentally alter existing services, facilities, privileges, advantages provided to Plaintiff;

14. failing to take such steps as may be necessary to ensure that Plaintiff is not excluded, denied services, segregated, or otherwise treated differently than other anesthesiologists without demonstrating that such steps would fundamentally alter the service, facility, privilege, advantage, or accommodation being offered or not result in an undue burden upon Plaintiff;

15. failing to objectively evidence Plaintiff explicitly or implicitly posed or poses a direct threat the health or safety of others;

16. failing or failed to explicitly assert that Plaintiff posed a "direct threat" within the meaning of the ADA;

17. failing to demonstrate that absent their punitive recommendations, modifications of policies, practices, or procedures any implied "direct threat" actually or implicitly would exist under any other circumstance or alternative nonpunitive recommendation or accommodation.

46. Defendant has & is intentionally discriminating against Plaintiff by:

1. asserting & publishing false patient care accusations;

2. economic & legal coercion & retaliation against Plaintiff by summary suspension of Plaintiff's hospital privileges to practice anesthesiology without predeprivation due process of law;

3. involuntary physical & legal intimidation, interference, incarceration &/or detention under color of the Florida Baker Act;

4. failing to provide reasonable accommodation of Defendant's involuntary diagnosis of mental disorder;

5.    economi  coercion & retaliation by  commending & imposing irreparable permanent punitive sanctions embodied within the hospital's dispositive determinations;

6.    retaliation & termination of privileges & professional employment income without due process.

### G. Attorney Fees

47. Plaintiff is entitled to an award of attorney fees (if available) & costs under 42 U.S.C. 12205.

Wherefore, no legitimate reason for discharging Plaintiff exists he demands judgment against LRMC Inc. and reasserts paragraphs 20 through 29 & 31 for damages, & prayer as if fully set forth herein.

48. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution & demands a trial by jury on all issues & counts, in accordance with F.R.C.P. 38.

Respectfully submitted,

By: /s/ Richard Jordan
Richard Jordan, Pro se
2601 Bellefontaine Blvd.
Apt. B-216
Houston, TX  77025-1512-07
Tel. 713 838 8194
Fax  same


### DECLARATION UNDER PENALTY OF PERJURY

STATE OF TEXAS                §
COUNTY OF HARRIS              §

"I declare under penalty of perjury that the foregoing is true & correct."

EXECUTED ON November 26, 1999.

/s/ Richard Jordan
Richard Jordan

CCJd
8/31/99

# DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| Dr. Richard M. Jordan<br>2601 Bellefontaine  B216<br>Houston, Tx.  77025 | U. S. Equal Employment Opportunity Commission<br>Tampa Area Office<br>501 E. Polk Street, Room 1020<br>Tampa, Florida  33602 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 151991037 | Gary Frey, Enforcement Supervisor | (813) 228-2310 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[x]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)* _____

## -- NOTICE OF SUIT RIGHTS --
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. **If you decide to sue, you must sue WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

_Manuel Zurita, Area Director_      8/25/99
                                      *(Date Mailed)*

Enclosure
Copy of Charge

cc:   Robert E. Puterbaugh
      Peterson & Myers, P.A.
      P. O. Box 24628
      Lakeland, Florida  33802-4628

EXHIBIT A